**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **VICTORY MACKE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV965RWS/MLM |
| ) | |
| **SCOTT LAWRENCE,** ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the Amended Petition for Writ of Habeas Corpus filed by Victory Macke ("Petitioner") filed pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 9. Petitioner filed a Traverse. Doc. 11. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 4.

**I.**
**BACKGROUND**

Petitioner was charged by Information, in the Circuit Court of Cape Girardeau County, with the Class B felony driving while intoxicated, pursuant to Mo. Rev. Stat. § 577.010, in that on July 21, 2007, he operated a motor vehicle while under the influence of alcohol and on five prior occasions Petitioner had pled guilty to driving while intoxicated. Petitioner was also charged with misdemeanor driving while his license was revoked. Resp. Ex. C at 1-3. Petitioner filed a petition to enter a guilty plea ("Plea Petition") in which Petitioner admitted that on "7/21/07, [he] drove while [he] was intoxicated." Also, in the Plea Petition Petitioner stated that he fully understood every charge made against him and that he was guilty of the charged offenses; that the prosecutor promised to

recommend a five year sentence for Petitioner; that Petitioner understood that the range of punishment for driving while intoxicated as a chronic DWI offender was five to fifteen years; and that Petitioner understood that sentencing was solely a matter within the control of the judge and that he could receive any punishment permitted by the law. Resp. Ex. B at 6.

Petitioner appeared before the Honorable Benjamin F. Lewis on August 27, 2007, and entered a guilty plea to the charge of driving while intoxicated. At the plea hearing, the court advised Petitioner that he was charged with driving while intoxicated on July 21, 2007, in Cape Girardeau County, and asked Petitioner what he had done that made him guilty of that offense. Petitioner stated that he had been driving a car on that date in Cape Girardeau County and that he had "been drinking too much I guess." Petitioner also testified that he previously pled guilty to driving while intoxicated in the Associate Circuit Court of Cape Girardeau County in January 2001, August 1992, 1990, 1988, and 1975. Resp. Ex. A at 9-10. Petitioner further admitted to driving while his license was revoked. Resp. Ex. A at 10. The court advised Petitioner that it was not bound by the State's five year recommendation and that the court could reject this recommendation. Petitioner acknowledged that he understood this and, upon further questioning by the court, stated that he still wished to plead guilty. Resp. Ex. A at 5-6. Petitioner also testified that he had read and gone over the Plea Petition with counsel, and that the contents of the Plea Petition were true. Resp. Ex. A at 11. The court accepted Petitioner's guilty plea and ordered a sentencing assessment report. Resp. Ex. A at 12.

At sentencing, the State recommended that Petitioner receive a five year sentence for the driving while intoxicated charge and time served for the driving while revoked charge. Prior to sentencing Petitioner, the court stated as follows:

> Mr. Macke, in looking at your sentencing assessment report, particularly in looking at your criminal history, it's obvious that you're absolutely helpless when it comes to alcohol. You cannot control your drinking and furthermore you can't seem

2

to keep from getting behind the wheel when you're drunk. I think this is your ninth DWI.

Furthermore even when you're on parole you get drunk and get behind the wheel and while you always seem like a perfectly nice guy when I see you in Court when you're sober, I have to say that you're a threat to public safety. Your attorney did a very good job negotiating a recommendation for five years, but I don't believe that's an appropriate sentence in this case. I'm usually inclined to go along with the plea agreements that are negotiated by the attorney, but in this case I cannot do that.

Resp. Ex. A at 15.

The court found Petitioner was a chronic offender and sentenced him to concurrent terms of ten years in the custody of the Department of Corrections for driving while intoxicated and sixty days for driving while revoked. Resp. Ex. A at 15-16.

On October 18, 2007, Petitioner timely filed a pro se motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. Resp. Ex. B at 29-39. Counsel was appointed and entered his appearance on November 8, 2007. Resp. Ex. B at 7. On February 19, 2008, the State filed a motion to dismiss Petitioner's motion on the grounds that the motion failed to allege sufficient facts, failed to show prejudice, and alleged claims that were refuted by the record. Resp. Ex. B at 26-27. On March 31, 2008, the State court gave appointed counsel thirty days to file an amended motion. Resp. Ex. B at 2. Counsel filed an amended motion on May 12, 2008, raising two claims of ineffective assistance of counsel based on counsel's performance at sentencing. Resp. Ex. B at 17-23. On June 4, 2008, the motion court entered an order denying Petitioner's request for a hearing and granting the State's Motion to Dismiss. Resp. Ex. B at 8. On August 25, 2008, Petitioner filed a pro se Motion Requesting Trial Court enter its Amended Judgment in Lieu of the June 4th, 2008 Judgment which Failed to Make Requisite Findings and Conclusions of Law Required under Rule 24.035. Resp. Ex. B at 11-16. On September 3, 2008, the court denied Petitioner's August 25, 2008 Motion. Resp. Ex. B at 3.

Petitioner filed a notice of appeal and a motion for leave to file a late notice of appeal, which the Missouri appellate granted on October 6, 2008. Resp. Ex. B at 3, 7. On December 4, 2008, Petitioner filed a pro se appellate brief. Resp. Ex. D. In his appeal Petitioner alleged that the motion court erred by granting the State's motion to dismiss because the State's motion was filed before counsel filed the Amended Motion. Petitioner also alleged that the motion court erred by failing to make findings of fact and conclusions of law on the issues presented. Petitioner further alleged on appeal that the motion court erred in granting the State's Motion to Dismiss because Petitioner was abandoned by post-conviction counsel in that counsel failed to file a timely amended motion and in that counsel failed to investigate and allege additional claims. Resp. Ex. D at 4-7. By decision dated May 12, 2009, the Missouri appellate court affirmed the decision of the motion court. Resp. Ex. F.

Petitioner filed his § 2254 Petition on June 19, 2009.[1] In his § 2254 Petition Petitioner raises the following grounds for relief:

> (1) Petitioner's constitutional rights were violated when the trial court sentenced him to ten years despite the plea agreement and that, as such, his guilty plea was unknowing, involuntarily, and unintelligently entered;[2]

---

[1] Respondent contends that Petitioner cannot challenge, pursuant to § 2254, his conviction for driving while revoked because he is no longer in custody for that conviction. " Where a state prisoner is no longer in state custody because he has completed serving his state sentence, a petition filed pursuant to 28 U.S.C. § 2254 should be dismissed for lack of jurisdiction. See Malang v. Cook, 490 U.S. 488, 490-92 (1989); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1985). "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of habeas attack on it." Malang, 490 U.S. at 492. Where an "allegedly illegal punishment does not produce any collateral consequences independent of the underlying conviction, the case will be mooted by physical release." Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995) (citing Lane v. Williams, 455 U.S. 624, 632-33 (1982). As such, the court will only consider Petitioner's § 2254 Petition to the extent he challenges his conviction for DWI as a chronic offender.

[2] The court finds below that Petitioner has procedurally defaulted this ground for relief because he did not raise it before the Missouri appellate court. The court notes, however, that the transcript of Petitioner's plea hearing demonstrates that, upon entering his guilty plea, he clearly understood that the court was not bound by the State's recommendation of five years for Count I and

4

time served for Count II; that Petitioner understood that the range of punishment for Count I was five to fifteen years; that Petitioner understood that if the court gave Petitioner the maximum sentence on both counts he could receive sixteen years; and that, upon understanding the range of punishment which the court could impose, Petitioner still intended to plead guilty. The only promise that was made to Petitioner in his Plea Petition was that the State promised to recommend five years, which promise the State kept. In regard to a plea agreement, when a plea "'rests to any significant degree on a promise or agreement ... so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" United States v. Mosely, 505 F.3d 804, 808 (8th Cir. 2007). Further, under federal law, a sentencing judge has the power to determine appropriate sentences regardless of the parties' expectations where the agreement includes a non binding recommendation. See Fed. R. Crim. P. 11(e)(1,2); United States v. Cain, 134 F.3d 1345, 1348 (8th Cir. 1998).

In regard to a defendant's entering a guilty plea, the United States Supreme Court held in Santobello v. New York, 404 U.S. 257, 261-62 (1971), that:

> [T]he sentencing judge must develop, on the record, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. (citations omitted)...
>
> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.

According to the United States Supreme Court, a record must disclose that a criminal defendant voluntarily and understandingly entered his plea of guilty. Boykin v. Alabama, 395 U.S. 238, 244 (1969). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." See id. at 243 n.5 (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969) (internal citation omitted)). "'Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.'" Id. quoting McCarthy, 394 U.S. at 466 (internal citation omitted)). In Petitioner's case the "record [ ] affirmatively show[s], under the totality of the circumstances, that [Petitioner's] plea of guilty was voluntary ... in accordance with the precepts of Boykin" as he understood that the court was not bound by the State's five-year recommendation and that the court could impose up to a fifteen year sentence on Count I. See Griffith v. Wyrick, 527 F.2d 109, 112 (8th Cir. 1975). As such, the court finds, alternatively, pursuant to a pre-AEDPA standard of review, that Petitioner is not entitled to habeas relief based on Ground 1. See Robinson v. Crist, 278 F.3d 862, 865-66 (8th Cir. 2002) (holding that where a federal constitutional question is not adjudicated on its merits in state court proceedings, it is not appropriate for a federal court to apply the standard of § 2254 as amended by the AEDPA because there is no apparent state-court adjudication to which this standard can be applied; under the pre-AEDPA standard a habeas petitioner must demonstrate a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely

(2) The trial court erred in amending the written judgment to include the designation of chronic offender without Petitioner's being present;[3] and

(3) Mo. Rev. Stat. § 577.023 is unconstitutional because it is vague and ambiguous in that it fails to set forth how old prior offenses must be or how far back in time prior crimes can be used for the chronic designation.[4]

---

would have been different absent the now-challenged [error]")(quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc)).

[3] Upon sentencing Petitioner on September 24, 2007, the court failed to check the box indicating he was a chronic offender on the Judgment and Sentence form. Thereafter, also on September 24, 2007, without Petitioner's consent or approval, the sentencing court entered an Amended Judgment and Sentence with the chronic offender box checked. See Resp. Ex. D at A-44.

The court finds below that Petitioner has procedurally defaulted Ground 2. The court notes, however, that upon amending the judgment to include Petitioner's being designated as a chronic offender, the court was merely correcting a clerical error. Both the Federal Rules of Criminal Procedure, Rule 36, and Missouri Supreme Court Rule 29.12 provide that courts can correct clerical errors in their written judgments. Moreover, federal courts hold that a defendant's due process rights are not violated when clerical errors are corrected without the defendant's presence. See e.g., Cook v. United States, 426 F.2d 1358, 1360 (5th Cir. 1970). Additionally, in the matter under consideration, Petitioner had notice that he was charged as a chronic offender. In fact, as discussed above, he acknowledged his prior convictions for DWI at his plea hearing. As such, pursuant to a pre-AEDPA standard of review, the court finds, alternatively, that Petitioner is not entitled to habeas relief on the basis of Ground 2. See n.1.

[4] Mo. Rev. Stat. § 577.023.1(2) provides that a "chronic offender" includes "(a) A person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses." Mo. Rev. Stat. § 577.023.5 provides that "[a]ny person who pleads guilty to or is found guilty of a violation of section 577.010 ... who is alleged and proved to be a chronic offender shall be guilty of a class B felony." The United States Supreme Court holds that sentence enhancement statutes are constitutional because they do not punish a defendant for his prior convictions but punish him as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct. Baldascar v. Illinois, 446 U.S. 222 (1980). "Significantly, the legislative history of [ ] [Missouri] DWI statutes indicates that at all relevant times a conviction for a third or subsequent offense was punishable as a felony." Missouri v. Acton, 665 S.W.2d 618 (Mo. 1984). Thus, in January 2001, August 1992, 1990, and 1988, when Petitioner pled guilty to DWI offenses, the law provided that subsequent offenses could result in a felony conviction. As such, the failure of § 577.023 to be restrictive in terms of the dates of prior convictions does not render it an ex post facto law. See id. ("An ex post facto law is 'one which renders an act punishable in a manner in which it was not punishable when it was committed.'") (quoting Fletcher v. Peck, 10 U.S. 87 (1810)). As such, pursuant to a pre-AEDPA standard of review, the court finds, alternatively, that Petitioner is not entitled to habeas relief on the basis of Ground 3. See n.1.

# III.
# EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim."Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d

1547, 1552 (8th Cir. 1994). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986); Schlup v. Delo, 513 U.S. 298 (1995)). "[A] habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits 'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. See Dretke, 541 U.S. at 393. In Dretke, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94.

In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 n.9 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence." Schlup, 513 U.S. at 327. (emphasis added). Evidence is

"new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

It has been held that "novel circumstances and arguments" may constitute cause to excuse procedural default. McKinnon v. Lockhart, 921 F.2d 830, 833-34 (8th Cir. 1990). "[T]he Supreme Court [has] recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." Id. at 833 (citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar must be a higher standard than the Strickland prejudice required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly

9

presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

Respondent contends that Petitioner did not raise the issues which Petitioner raises in his § 2254 Petition before the Missouri appellate court. Petitioner argues that he did not procedurally default these issues because he presented them to the trial/motion court and the trial/motion court ruled on the merits of Petitioner's claims. Petitioner also contends that Respondent should be precluded from arguing procedural default because the State did not make such an argument in State court proceedings. As stated above, grounds for habeas relief are procedurally defaulted unless they are raised before the State *appellate court*. See Sweet, 125 F.3d at 1149-50. In Petitioner's case he did not raise the issues which he raises in his § 2254 Petition before the Missouri appellate court, although he raised the issues of Grounds 1 and 2 in his pro se post-conviction relief motion.[5] As such, the court finds that he has procedurally defaulted all issues raised in his § 2254 Petition.

Petitioner argues that his procedural default should be excused because appointed counsel in State post-conviction proceedings refused to raise the issues which Petitioner raises in his § 2254

---

[5] Petitioner did raise the issues of Grounds 1 and 2 in his pro se post-conviction relief motion and counsel did not include these grounds in his amended motion. The amended post-conviction relief motion argued that counsel was ineffective for failing to inform the court that only one of Petitioner's prior DWI convictions occurred during the prior fifteen years and for failing to request that Petitioner be placed in a long term treatment program. As noted by Respondent, under Missouri law, claims not included in an amended post-conviction relief motion are procedurally defaulted pursuant to State law. See Johnson v. State, 210 S.W.3d 427, 432 n.5 (Mo. Ct. App. 2006). In any case, Petitioner did not raise the issues of Grounds 1 and 2 before the Missouri *appellate court*, and, therefore, they are procedurally defaulted for purposes of § 2254.

10

Petition. Attorney error that results in a procedural default is not cause to excuse procedural default "unless the attorney's performance was constitutionally deficient." Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). A habeas petitioner cannot rely on the alleged ineffectiveness of his post-conviction counsel in failing to raise in state court claims he seeks to assert in a § 2254 habeas petition because "there is no Sixth Amendment right to the effective assistance of post-conviction counsel." Id. See also Brown v. Luebbers, 344 F.3d 770, 775 (8th Cir. 2003). The court finds, therefore, that Petitioner has failed to establish cause and/or prejudice to excuse his procedural default. See Coleman, 501 U.S. at 750-52.

## IV.
## CONCLUSION

For the reasons more fully set forth above, the court finds that Petitioner has procedurally defaulted all issues which he raises in his § 2254 Petition. As such, Petitioner's § 2254 Petition for habeas relief should be denied in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the § 2254 Petition filed by Petitioner should be **DENIED** and **DISMISSED,** in its entirety; Doc. 1

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time

for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

          /s/Mary Ann L. Medler
          MARY ANN L. MEDLER
          UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of November, 2009.