UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORY MACKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV965RWS |
| | ) | |
| SCOTT LAWRENCE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Petitioner Victory Macke seeks a writ of habeas corpus. He alleges that his

constitutional rights were violated when (1) the state court sentenced him to ten

years for felony drunk driving despite a plea agreement wherein the prosecutor

promised to recommend a five year sentence, thereby rendering his guilty plea

unknowing, involuntary and unintelligent; (2) the trial court amended the written

judgment to include the designation of chronic offender without Petitioner's

presence; and (3) he was sentenced under Mo. Rev. Stat. § 577.023 because the

statute is unconstitutionally vague and ambiguous.

I referred this matter to United States Magistrate Judge Mary Ann L. Medler

for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C.

§ 636(b). On November 20, 2009, Judge Medler filed her recommendation that

Petitioner's habeas petition should be denied.

Macke raises four objections to Judge Medler's recommendation that habeas relief be denied. I have conducted a <u>de novo</u> review of all matters relevant to the petition and address each objection below.

*Objection 1*

Macke argues that Judge Medler erred in finding that Ground 1 was procedurally defaulted. He claims he presented the claim to both the trial court and the Missouri Court of Appeals. I have reviewed Macke's appellate brief on the trial court's denial of post-conviction relief. Resp. Ex. D. Macke did not raise the claim he now sets forth in Ground 1 in his state appeal of the trial court's denial of post-conviction relief.[1]

I find that Judge Medler correctly analyzed Macke's petition and correctly applied the law in reaching her recommendation that Ground 1 is procedurally defaulted. As a result, Macke's objection is overruled.

*Objection 2*

Macke argues that Judge Medler erred in finding that Grounds 2 and 3 were procedurally defaulted because they were raised at his June 4, 2008 hearing on his post-conviction relief motion. I have reviewed Macke's appellate brief on the trial court's denial of post-conviction relief. Resp. Ex. D. In his brief, Macke

---

[1] The grounds he raised in his appeal were (1) the state's motion to dismiss his motion for post-conviction relief was filed before Macke filed his amended motion; (2) the trial court failed to make findings of fact and conclusions of law on the issues presented to it; (3) Macke's post-conviction relief counsel had abandoned him; and an "additional claim" that the state court amended his judgment to include the designation of chronic offender without Macke's presence.

admitted that his post-conviction relief counsel did not raise Ground 2 with the trial court. Resp. Ex. D. at 15–16. Additionally, Macke did not raise the claim he now sets forth in Ground 3 in his state appeal of the trial court's denial of post-conviction relief. I find that Judge Medler correctly analyzed Macke's petition and correctly applied the law in reaching her recommendation that Grounds 2 and 3 are procedurally defaulted. As a result, Macke's objection is overruled.

*Objection 3*

Macke argues that Judge Medler erred in finding that the Amended Judgment designating him a chronic offender was entered the same day as the initial Judgment.[2] Macke argues that this error shows that the Magistrate Judge has not "really reviewed the records." I have reviewed both Macke's initial Judgment and Amended Judgment. Upon review, I agree that the record does not show the judgments were entered the same day. Although they are both dated September 24, 2007, the Amended Judgment is in fact a photocopy of the initial Judgment which was then altered to add the word "Amended" and include an "X" in the chronic offender box. The certification attached to the initial Judgment is dated September 25, 2007 and the certification attached to the Amended Judgment is dated October 4, 2007.

---

[2] In a footnote, Judge Medler wrote: "Upon sentencing Petitioner on September 24, 2007, the court failed to check the box indicating he was a chronic offender on the Judgment and Sentence form. Thereafter also on September 24, 2007, without Petitioner's consent or approval, the sentencing court entered an Amended Judgment and Sentence with the chronic offender box checked."

I will sustain Macke's objection to the <u>factual</u> finding concerning the date

the Amended Judgment was entered, but I <u>do not</u> find that the Magistrate's

reliance on the date contained on the document's face shows she failed to "really

review" the record. Judge Medler conducted a through review of the records.

This minor oversight does not affect her conclusion that the trial court was merely

correcting a clerical error in its judgment. As a result, Macke's objection to the

Magistrate's conclusion of law is overruled.

*Objection 4*

In his fourth objection, Macke essentially reiterates his earlier objections.

He argues that Judge Medler erred in finding that he had not presented all three

claims to the trial court and the Missouri Court of Appeals. I will overrule this

objection for the reasons stated above.

**Conclusion**

I find that Judge Medler correctly analyzed Macke's grounds for relief and

correctly applied the law in reaching her recommendation. After careful

consideration, I will adopt and sustain the thorough reasoning of Judge Medler[3]

and will deny Macke's habeas petition.

I have also considered whether to issue a certificate of appealability. To

grant a certificate of appealability, a court must find a substantial showing of the

---

[3] With the exception of her factual finding that the Amended Judgment was entered on
September 24, 2007.

denial of a federal constitutional right. <u>See</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Macke has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Medler's Report and Recommendation [#14] filed on November 20, 2009 is adopted and sustained in its entirety, except as noted.

**IT IS FURTHER ORDERED** that Petitioner Victory Macke's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 10th Day of December, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE